IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF:<br><br>DUSTIN R. LINDGREN,<br><br>      Debtor(s). | CASE NO. BK 23-40236-TLS<br><br>CHAPTER 7<br><br>ADV. NO. A23-4017-TLS |
| EMILY J. BEANS, fka EMILY J. DAWSON,<br><br>      Plaintiff(s)<br> vs.<br><br>DUSTIN R. LINDGREN,<br><br>      Defendants(s). | **ORDER** |

  This matter is before the court on the plaintiff's motion for default judgment (Fil. No. 16). Andrew K. Joyce represents the plaintiff. The defendant is not represented by counsel.

  The motion will be granted.

  This adversary proceeding was filed on June 16, 2023, with an amended complaint filed on August 9, 2023, to determine the dischargeability of a judgment debt against the defendant. Summons and a copy of the complaint were served on the defendant by leaving a copy with his adult daughter at his residence on August 14, 2023, and by first-class mail on September 21, 2023. An answer or motion was due by October 23, 2023, but no such answer or motion has been filed. Accordingly, the defendant is in default under Federal Rule of Bankruptcy Procedure 7055.

  The judgment debt at issue here is the result of a jury verdict in the plaintiff's favor in a state court lawsuit in April 2019. In that lawsuit, the plaintiff sued her employer, its franchisor, and her supervisor for invasion of privacy, violation of Nebraska's intercepted communication statute, intentional and negligent infliction of emotional distress, and negligent hiring, supervision, training and retention of her supervisor. She alleged that the defendant, her supervisor, used his cell phone to surreptitiously film her in various states of undress as she changed into and out of her work uniform in the designated changing room on the premises. After a trial on these allegations, the jury awarded her $1,470,000.00, and a judgment to that effect was entered against the employer and the supervisor.

  The defendant filed a Chapter 7 bankruptcy petition on March 14, 2023, and the plaintiff subsequently filed this adversary proceeding seeking a determination that the judgment debt is not dischargeable in bankruptcy under 11 U.S.C. § 523(a)(6).

Section 523(a)(6) exempts from discharge debts "for willful and malicious injury by the debtor to another entity or to the property of another entity." Those two elements – malice and willfulness – "are two different characteristics" and they "should not be lumped together to create an amorphous standard to prevent discharge for any conduct that may be judicially considered to be deplorable." *Barclay's Am./Bus. Credit, Inc. v. Long (In re Long)*, 774 F.2d 875, 880-81 (8th Cir. 1985).

In this context, the term "willful" means that the injury, not merely the act leading to the injury, must be deliberate or intentional. If the debtor knows that the consequences are certain, or substantially certain, to result from his conduct, the debtor is treated as if he had, in fact, desired to produce those consequences. *Blocker v. Patch (In re Patch)*, 526 F.3d 1176, 1180 (8th Cir. 2008). A "malicious" injury is one that is targeted at the creditor, in the sense that the conduct is certain or almost certain to cause harm. *Jamrose v. D'Amato (In re D'Amato)*, 341 B.R. 1, 4-5 (B.A.P. 8th Cir. 2006). The category of injury envisioned by the Supreme Court is that of an intentional tort. *Osborne v. Stage (In re Stage)*, 321 B.R. 486, 492 (B.A.P. 8th Cir. 2005) (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998)). In a practical sense,

> if the debtor was aware of the plaintiff-creditor's right under law to be free of the invasive conduct of others (conduct of the sort redressed by the law on the underlying tort) and nonetheless proceeded to act to effect the invasion with particular reference to the plaintiff, willfulness is established. If in so doing the debtor intended to bring about a loss in fact that would be detrimental to the plaintiff, whether [the] specific sort of loss the plaintiff actually suffered or not, malice is established.

*KYMN, Inc. v. Langeslag (In re Langeslag)*, 366 B.R. 51, 59 (Bankr. D. Minn. 2007).

Here, the plaintiff relies on the judgment by the District Court of Lancaster County, Nebraska, to establish the non-dischargeability of the debt. A state court action to establish a debt is separate from a determination of the dischargeability of that debt in bankruptcy. *Tatge v. Tatge (In re Tatge)*, 212 B.R. 604, 609 (B.A.P. 8th Cir. 1997). The bankruptcy court has exclusive jurisdiction to determine whether debts for a debtor's fiduciary or non-fiduciary fraud, embezzlement, larceny, or willful and malicious injury are non-dischargeable. 11 U.S.C. § 523(c); *Zio Johnos, Inc. v. Ziadeh (In re Ziadeh)*, 276 B.R. 614, 619 (Bankr. N.D. Iowa 2002). Therefore, the court must review the state court judgment to see whether it establishes the elements of a prima facie case under § 523. *Hobson Mould Works, Inc. v. Madsen (In re Madsen)*, 195 F.3d 988, 989-90 (8th Cir. 1999).

The court "employs a flexible and pragmatic approach when assessing the preclusive effect of [another] court's order." *First State Bank of Roscoe v. Stabler*, 914 F.3d 1129, 1136-37 (8th Cir. 2019). When the parties have previously litigated an issue in a state court, the bankruptcy court will look to state law to determine the preclusive effect of that judgment. *Id.* at 1137; *Madsen*, 195 F.3d at 989-90; *Jacobus v. Binns (In re Binns)*, 328 B.R. 126, 129 (B.A.P. 8th Cir. 2005).

In Nebraska, the doctrine of collateral estoppel, also known as issue preclusion, holds that an issue of ultimate fact that was determined by a valid and final judgment cannot be litigated again between the same parties or their privies in any future lawsuit. *Stevenson v. Wright*, 733 N.W.2d 559, 565-66 (Neb. 2007). Issue preclusion applies where (1) an identical issue was decided in a prior action, (2) the prior action resulted in a final judgment on the merits, (3) the party against whom the doctrine is to be applied was a party or was in privity with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action. *Hara v. Reichert*, 843 N.W.2d 812, 816 (Neb. 2014).

The only factor that could possibly be disputed here is whether the identical issue was decided in a prior action, as the record indicates that the parties to this adversary proceeding were also the parties in the state court lawsuit, in which the trial resulted in a jury verdict, followed by entry of a final judgment.

As mentioned above, the plaintiff's claims for relief in the state court lawsuit included violation of the Nebraska statute regarding privacy and the intentional infliction of emotional distress. These are the most relevant to this adversary because of § 523(a)(6)'s intent requirement.

Under Nebraska's invasion of privacy statute, "[a]ny person, firm, or corporation that trespasses or intrudes upon any natural person in his or her place of solitude or seclusion, if the intrusion would be highly offensive to a reasonable person, shall be liable for invasion of privacy." Neb. Rev. Stat. Ann. § 20-203 (West).

This right to privacy extends to the workplace, *Ritchie v. Walker Mfg. Co.*, 963 F.2d 1119, 1123 (8th Cir. 1992), and permits the recovery of damages for "highly offensive" intrusion on a person's solitude or seclusion. *See* Floor Debates, L.B. 394, Neb. Leg., 86th Sess. 2368 (Mar. 29, 1979) ("This section is premised upon a place or a physical location to which one is reasonably entitled to a sense of privacy, a home, an office, a restroom, a telephone booth that you are occupying or the like and it says that where there is a physical intrusion into your solitude and seclusion you may sue for damages.").

The invasion of privacy is "an intentional interference with [the plaintiff's] interest in solitude or seclusion, either as to [her] person or as to [her] private affairs or concerns, of a kind that would be highly offensive to a reasonable [person]." *Kaiser v. W. R/C Flyers, Inc.*, 477 N.W.2d 557, 562 (Neb. 1991) (quoting Restatement (Second) of Torts § 652 B, comment a. (1977)).

An intentional interference with a plaintiff's right to privacy, in violation of the Nebraska statute, can be considered a willful injury for the § 523(a)(6) analysis. Such an injury is also malicious, because it was targeted at the plaintiff and the defendant knew the plaintiff was likely to be harmed by it.

Similarly, the intentional infliction of emotional distress requires (1) intentional or reckless conduct (2) that was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized community and (3) that the conduct caused emotional distress so severe that no reasonable person should be expected to endure it. *Roth v. Wiese*, 716 N.W.2d 419, 431 (Neb. 2006). The inclusion

of recklessness in this definition does not escape the court's attention, as debts arising from injuries inflicted negligently or recklessly do not fall within the scope of § 523(a)(6). *Kawaauhau v. Geiger*, 523 U.S. 57, 64 (1998).

The record in this adversary proceeding does not indicate which claims for relief were decided in the plaintiff's favor. Based on the amount of the judgment, it is not unreasonable to infer at a minimum that the jury decided the defendant's unauthorized recording of the plaintiff while she was changing clothes in the women's changing room at her workplace was a highly offensive intrusion into her right of privacy.

Regardless, the defendant has not come forward to dispute any of the allegations in the plaintiff's amended adversary complaint. This court is satisfied that the judgment debt arises from willful and malicious injury by the debtor to the plaintiff. As such, it is excepted from discharge in the debtor's bankruptcy case.

IT IS ORDERED: The plaintiff's motion for default judgment (Fil. No. 16) is granted. The defendant is in default under Federal Rule of Bankruptcy Procedure 7055. Separate judgment will be entered.

Date: October 30, 2023

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the court to:
    *Andrew K. Joyce
    Dustin R. Lindgren, 9494 Northern Sky Rd., Lincoln, NE 68505-1000

*Movant is responsible for giving notice to other parties if required by rule or statute.